ACEVEDO v. SUCESIÓN CABALLERO.

APELACIÓN procedente de la Corte de Distrito de

Humacao.

No. 151.   Resuelto en noviembre 28, 1905.

CONTRATOS.—VOLUNTAD DE LAS PARTES.—En la interpretación de todo contrato

deberá atenderse principal y especialmente á la voluntad de las partes, que hay que aceptar y cumplir.

PRUEBAS.—PRESUNCIONES.—Las presunciones constituyen uno de los medios de prueba establecidos por la ley, y de ellas pueden valerse las partes para acreditar en juicio sus respectivos derechos.

ID.—REQUISITOS QUE DEBEN REUNIR.—Para que las presunciones, como medios de prueba, sean admisibles, es necesario que se halle completamente acreditado el hecho de que han de deducirse, y además, que exista enlace preciso y directo, según las reglas del criterio humano, entre el hecho cierto y aquél que se trata de deducir.

ID.—POSESIÓN CIVIL Y MATERIAL DE UN INMUEBLE.—Si de la prueba practicada en un juicio apareciere acreditada la posesión civil, como resultante del dominio de una finca, á favor de una parte, y la posesión material, consecuencia de la tenencia de la misma, á favor de otra, faltan los requisitos esenciales, según las reglas de la doctrina precedente, para establecer las presunciones legales que se derivan del dominio ó posesión civil, ó sea, las que se refieren á la entrega de una cosa vendida por escritura pública, y al derecho de accesión respecto al producto de los bienes, siendo de presumir, por el contrario, que aquél que tiene la posesión material ha utilizado y gozado de tales productos.

DOCUMENTO PRIVADO.—SU ELEVACIÓN Á DOCUMENTO PÚBLICO.—Un documento privado que envuelva una promesa de venta y por el que se limite, además, el dominio que sobre una finca tenía adquirido una de las partes, es un contrato que debe constar en documento público y desde el momento en que una de las partes exija se eleve á escritura pública, si la otra se negare, debe el Tribunal disponer su cumplimiento.

ID.—FUERZA PROBATORIA DE LOS DOCUMENTOS PRIVADOS.—La omisión de un documento público en nada desvirtúa la fuerza obligatoria de un contrato privado entre las partes que lo celebraron.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Juan Guzmán Benítez.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

La sucesión de don Juan Andrés Acevedo vendió á don Eladio Caballero una finca rústica por escrituras públicas otorgadas ante el notario que llevan la fecha de 5, 22 de agosto, 10 de diciembre de 1892 y 11 de noviembre de 1893, expresándose en la de 10 de diciembre que el comprador don Eladio Caballero venía utilizando esa finca á título de dueño desde hacía algunos meses.

Don Juan de Jesús Acevedo uno de los componentes de la sucesión vendedora, deseaba recuperar la finca que fué de su padre, pero como el comprador Caballero había en-

tregado el precio de la venta y además también había facilitado á Juan de Jesús Acevedo en diversas épocas cantidades para el entretenimiento general de dicha finca, se otorgó entre ambos el documento privado que literalmente dice así:

"En Caguas, barrio de Beatriz, á los dos días del mes de octubre de mil ochocientos noventa y cuatro, ante los testigos que suscriben, presentes los Señores Don Eladio Caballero y Don Juan Acevedo, ambos propietarios y mayores de veinte y cinco años, y unánimes, dijeron: que las ochenta y seis cuerdas de tierra que tiene bajo su dominio Juan Acevedo, en el barrio de "Borinquen," colindantes con terrenos de Don Landelino Aponte, por el N. y O., con terrenos de Don Modesto y Don José Solá, por el E. y por el Sud, con terrenos de Don Juan Santana; están escriturados á favor de Caballero en cuatro documentos otorgados ante Notario, por Doña Hermenegilda Acevedo, acompañada de su legítimo esposo Don Juan García, Da. María José del Lugo, Don Felipe Angelino Ribot, Da. Juana Bta. Tirado, y el mismo Don Juan Acevedo, así como de la viuda Da. Cármen Acevedo, que estas escrituras fueron hechas á favor de Caballero, para garantir la suma de mil novecientos sesentitrés pesos, veinte y nueve centavos, que tanto para comprar esas partes de herencia, como para entretener la finca en general, ha tomado el precitado Acevedo á Caballero, en diversas épocas, según consta en los libros de Caballero, y cuya liquidación ha sido hecha por ambos interesados hoy asistidos del amigo de ambos, Don Vicente R. Muñoz, siendo convenido por asentimiento común, que, tan pronto el Acevedo satisfaga dicha cántidad á Caballero, éste le hará escritura del enarrado terreno al ya mencionado Acevedo; sin que pueda ni uno ni otro disponer en venta de dicho terreno, ni hacer con respecto á él ningún otro negocio que le cause gravamen de ninguna especie, sin que antes medie un acuerdo común entre ambos interesados: siendo también convenido por los exponentes, que Acevedo pagará á Caballero en el mes de mayo del año entrante, mil ochocientos noventa y uno, todo el producto de veinte y cinco cuerdas de caña que de tocón y de plantilla allí tiene plantadas, como pronto de la cantidad adeudada, sin perjuicio de otros abonos que el deudor pueda verificar, así como los intereses de dicha suma que devengará por ellos el acreedor, el uno por ciento según también han convenido, debiendo en la época fijada para hacer el abono del producto de las cañas, hacer una liquidación y nuevo arreglo por

el resto de la deuda. También han convenido que se dé á este
documento aunque extrajudicial, el mismo valor que si otorgado
fuera ante Notario, facultándose mutuamente para elevarlo á ins-
trumento público si necesario fuere; y al efecto, y para los efec-
tos que éste pudiera causar, renuncian ambos todas las leyes, fueros y
derechos de su favor y la general en forma: Así lo dijeron y firmó
el que supo, luego de leído, en alta voz, y por el que no, que fué
Don Juan Acevedo, firmó uno de los testigos, que fueron Don Nar-
ciso Solá, Don Gervasio García y Don Vicente R. Muñoz.—Eladio
Caballero (Rúbrica).—A ruego de D. Juan Acevedo y como testigo,
Vicente R. Muñoz. Rúbrica. Testigo, Gervasio García. Rúbrica.—
Testigo, Narciso Solá. Rúbrica.''

Don Juan de Jesús Acevedo establece su demanda en
4 de junio de 1902 contra la sucesión de don Eladio Caba-
llero, porque éste á la sazón había fallecido, y concluye
suplicando.

*Primero.*—Que se la condene á elevar á escritura pública el ante-
rior documento privado.

*Segundo.*—Que se la condene á liquidar el producto de las 25 cuer-
das de cañas de tocón y plantilla, produciendo la cuenta corriente
detallada del causante Caballero, con Don Juan Acevedo.

*Tercero.*—Que se la condene á otorgar á favor de Acevedo, resul-
tando saldada la cuenta de haber de Don Eladio Caballero, á que
se refiere el mencionado documento, escritura de devolución, restitu-
ción ó traspaso de la finca rústica de cien cuerdas próximamente
del barrio ''Borinquen'' de la jurisdicción de Caguas, objeto de la
demanda, haciendo entrega de ella y de sus frutos producidos y
debidos producir, desde el día en que fué saldada la referida cuenta, y

*Cuarto.*—Que se la condene á la indemnización de daños y perjui-
cios y pago de todas las costas de este litigio.

El abogado de la sucesión de don Eladio Caballero,
parte demandada reconoce sustancialmente los hechos de
la demanda, pero en absoluto negó que don Eladio Caba-
llero ó su sucesión hayan cosechado las 25 cuerdas de ca-
ña y se apropiasen el importe de su producto puesto que
Acevedo que tenía la posesión precaria las sembró con
el consentimiento de Caballero y se obligó con su produci-

do á pagar las cantidades facilitadas por éste sin que á pesar de haber vencido el plazo, en mayo de 1895, le haya satisfecho un centavo, y por tanto, no está obligado á restituir la finca en cuestión y pide que la demanda se declare sin lugar con las costas á la parte demandante.

Como pruebas se han traído todas las escrituras otorgadas por la sucesión Acevedo á favor de don Eladio Caballero vendiéndoles las participaciones que tenían en la finca en cuestión.

Constancias de un juicio de desahucio seguido por la sucesión de Caballero contra don Juan de Jesús Acevedo para ocupar la finca en precario y certificación del Registro de la Propiedad creditiva de estar inscrita la posesión á favor de la sucesión de don Eladio Caballero.

En esos hechos hay perfecta conformidad entre las partes de este litigio.

Un sólo testigo presentó la parte actora y ese fué don Salvador Caballero, cuya declaración es como sigue:

"Que era albacea tercero de D. Eladio Caballero, que entregó la finca objeto de este litigio á la Sucesión, que en 1892 y 94, había en total 25 cuerdas de caña, sembradas por Juan de Jesús Acevedo, que el dinero para la siembra y cultivo lo dió D. Eladio, y que lo facilitó á Acevedo, etc. etc."

Los testigos de la parte demandada en síntesis son favorables á las afirmaciones que contiene la contestación á la demanda.

El Tribunal de Humacao en su sentencia de 8 de octubre de 1903, declaró sin lugar la demanda y en su consecuencia absolvió de la misma á la sucesión demandada con imposición de todas las costas al demandante don Juan de Jesús Acevedo y mandó además á cancelar la anotación preventiva de la demanda tomada en el Registro de la Propiedad de Caguas.

Ese fallo se funda en las siguientes consideraciones de derecho.

"*Primera.*—Que reconocido en la contestación de la demanda el contrato privado en que se funda, y existiendo en él la condición de elevarlo á escritura pública como facultad del actor, sin que se haya probado negativa alguna de los demandados á realizar aquellos actos materiales que sean necesarios para el ejercicio de dicho derecho por el demandante; y teniendo en cuenta además, que siendo también la dicha elevación del contrato á escritura pública, una facultad reservada igualmente al causahabiente de la Sucesión demandada, no se ha probado en forma alguna que exista en el actor el derecho de exigir al demandado que ejercite el suyo, ni que su no ejercicio obstaculice que el demandante haga uso del que le es propio.

"*Segundo.*—Que el actor funda su demanda en que hecho pago Don Eladio Caballero ó su sucesión, de las veinte y cinco cuerdas de cañas, debía rendir cuentas y restituir la finca, cuyo pago negó el demandado en su contestación, por lo que al primero correspondía probar ese hecho, el que ni con la prueba documental aportada, ni con la del único testigo que presentó al juicio, ha sido comprobado, no cabiendo exigirse el cumplimiento de las obligaciones subsecuentes de liquidar, ya que su existencia sólo puede nacer de aquel hecho, lo mismo que la del traspaso de la finca objeto del litigio únicamente brotaría del previo y completo pago del precio convenido; sin que por otra parte quepa reclamar daños y perjuicios al actor que no demuestra haber cumplido sus obligaciones.

"*Tercera.*—Que las costas deben imponerse al litigante cuyas pretensiones sean totalmente desestimadas."

De esa sentencia se apeló por la parte demandante en 16 de noviembre de 1903 y en 17 del mismo mes y año se admitió la apelación para ante esta Corte Suprema y se remitieron los autos con citación y emplazamiento de las partes.

Ante este Tribunal sólo presentó alegato el letrado don Rafael López Landrón á nombre del apelante don Juan de Jesús Acevedo y en el acto de la vista comparecieron todas las partes y alegaron oralmente por medio de sus abogados cuanto creyeron conducente á su derecho.

En el alegato escrito del apelante sienta "que el hecho fundamental de haberse hecho cargo de las cañas don

Eladio Caballero aunque negado por los demandados está acreditado por vía de presunción, por la prueba documental de una y otra parte y por la declaración del albacea don Salvador Caballero'' y por eso cita como infringido el párrafo 2do del art. 1462 del Código Civil que dice que el otorgamiento de escritura pública de venta equivale á la entrega de la cosa objeto del contrato, si de la misma escritura no resultare ó se dedujere claramente lo contrario, y este precepto lo relaciona también como infringido en los artículos 348, 350, 354, 358 y demás subsiguientes del referido Código Civil que se refieren á la definición de la propiedad y al derecho de accesión respecto al producto de los bienes.

Pero vamos á cuentas: Si aquí no hubiese que considerar más que las escrituras de venta de la finca del año 1892 y 1893 otorgadas por la sucesión de don Juan Andrés Acevedo á favor de don Eladio Caballero entonces tendría razón la parte apelante; pero posteriormente, ó sea en 2 de octubre de 1894 se otorgó un documento que contiene un contrato y hay que considerar la doctrina de que la voluntad de las partes es la ley primera y especial que debe respetarse y cumplirse en la materia.

En ese documento privado empieza por reconocerse á favor de Caballero el dominio de la finca en cuestión, pero también se afirma en él que Acevedo tenía en dicha finca plantadas 25 cuerdas de cañas de tocón y plantilla y se comprometió á pagar con su producido la deuda contraída, deuda contraída que provenía de lo que satisfizo Caballero como precio de venta y de las cantidades que éste facilitó á Acevedo para entretenimiento general de dicha finca.

Es indudable que ''las presunciones son uno de los medios de prueba establecido por la ley, del que las partes pueden valerse para acreditar su derecho en juicio, según lo dispuesto en los artículos 1249 y 1253 del Código

Civil antiguo que equivale al 1247 y 1220 del Código Revisado, siempre que aquéllas reunan los requisitos por la misma ley exigidos, de hallarse completamente acreditado el hecho de que han de deducirse y que exista enlace preciso y directo, según las reglas del criterio humano entre el hecho cierto y aquel que se trata de deducir."

El apelante sostiene la tesis de que por las escrituras de venta don Eladio Caballero adquirió el dominio de la finca y, por consiguiente, también obtuvo el dominio de las 25 cuerdas de cañas sembradas en ellas, y como se aprovechó como dueño de su producido está obligado á rendir cuentas de las mismas.

Esto después del documento privado de que se ha hecho mérito no es exacto. Puede tal vez concederse que Caballero tuviese la posesión que nace del dominio ó sea la posesión civil, pero la posesión natural ó tenencia de las cañas, esa la tenía Acevedo como se prueba con el mismo documento privado, con el origen que él mismo atribuye á la deuda y sobre todo con el juicio de desahucio que tuvo que seguir la Sucesión de Caballero para lanzar de la finca á Acevedo que la disfrutaba en precario.

Y si esto es así, no hay enlace preciso y directo entre el hecho acreditado cual sería en todo caso el de la posesión civil á favor de Caballero y el de la posesión material que puede estar y está en este pleito en persona distinta, cual es el demandante don Juan de Jesús Acevedo.

De modo que este señor como apelante no puede alegar en su favor la presunción que alega porque falta el requisito esencial para que por ese medio de prueba pueda acreditar su derecho.

Constituídas las cosas en su verdadero estado de derecho, es decir, teniendo el dominio la sucesión de don Eladio Caballero y la posesión material ó tenencia de las cuerdas de cañas, don Juan de Jesús Acevedo, hay que presumir por el contrario que éste las aprovechó en tanto

en cuanto no se pruebe lo contrario toda vez que del mismo contrato así resulta con evidente claridad.

Partiendo siempre el apelante del mismo supuesto equivocado, pide la liquidación del producto de dichas 25 cuerdas de caña.

Toda liquidación supone una cuenta en que hay un movimiento periódico de debe y haber ó de cargos y abonos. Y ¿qué liquidación puede hoy rendir la sucesión de Caballero, si Acevedo no ha probado que abonase un sólo centavo? Ninguna. La deuda está vigente en toda su integridad ,es decir: que está en el mismo ser y estado que tenía cuando se otorgó el documento privado, clave esencial para resolver todos y cada uno de los extremos que contiene la súplica de la demanda.

La misma suerte tienen que seguir las pretensiones consistentes en la escritura de devolución ó restitución de la finca con sus frutos producidos y debidos producir y en la indemnización de daños y perjuicios.

Todo eso está subordinado al cumplimiento del contrato privado y sería para Acevedo un enriquecimiento torticero si tuvieran realización sus aludidas pretensiones sin haber cumplido el deber principal de pagar la deuda contraída y reconocida por él en el referido documento, á cuyo otorgamiento generosamente se allanó don Eladio Caballero no obstante de tener á su favor escriturada la finca en cuestión por virtud de la venta realizada por los individuos que componían la susesión de don Juan Andrés Acevedo.

Hay otro punto en la súplica de la demanda que merece también nuestra consideración y es la pretensión de que se condene á la sucesión demandada á elevar á escritura pública el tantas veces repetido documento privado.

En él se facultó mutuamente á las partes para elevarlo á escritura pública si necesario fuese. Hoy ejercita ese derecho el actor y como la sucesión demandada se ha ne-

gado. á todas las pretensiones de la demanda, claro es que hay que entender que también negó este particular y debe resolver si procede ó no tal solicitud.

El art. 1279 del Código Civil antiguo ó sea el 1246 del revisado dice así:

"Si la ley exigiere el otorgamiento de escritura ú otra forma especial para hacer efectivas las obligaciones propias de un contrato, los contratantes podrán compelerse recíprocamente á llenar aquella forma desde que hubiese intervenido el consentimiento y demás requisitos necesarios para su validez."

Y el art. 1280, No. 2, que equivale al 1246 revisado, dice así:

"Deberán constar en documento público:

1.—Los actos y contratos que tengan por objeto la creación, transmisión, modificación ó extinción de derechos reales sobre bienes inmuebles."

Si esto es así y tratando al parecer el documento privado de una promesa de venta en que se limita además el dominio que tenía con anterioridad adquirido Caballero toda vez que se estipula que ni éste ni Acevedo puedan vender la finca, ni hacer con respecto á ella ningún otro negocio que le cause gravamen de ninguna especie sin que antes medie un acuerdo común entre ambos interesados resulta que ése contrato debe constar en documento público y desde el instante en que cualquiera de las partes invoca dichas prescripciones y la otra se niega, no hay otro remedio que disponer su cumplimiento después de los debates del juicio en que expresamente se solicitó ese particular por más que la omisión del documento público en nada desvirtúe la fuerza obligatoria del contrato privado que Caballero y Acevedo celebraron.

En mérito de las razones expuestas, entiendo que debe condenarse á la sucesión de don Eladio Caballero á elevar á escritura pública y en el término de quinto día, el documento privado otorgado en Caguas el 2 de octubre de

1894 por don Eladio Caballero y don Juan Acevedo y que obra en estos autos, confirmando en todo lo demás la sentencia apelada y que pronunció el Tribunal de Humacao en 8 de octubre de 1903, sin hacer expresa condenación de las costas de este recurso.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.