Negroni Cintrón, Juez Ponente
*840 TEXTO COMPLETO DE LA SENTENCIA
Los apelantes, Roberto Ortiz Dávila y Yamirka Gutiérrez, apelan una sentencia sumaria emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, mediante la cual se les condenó a pagar la cantidad de $24,000.00 de principal, intereses al 9.25% anual desde el día 5 de septiembre de 1996 y la cantidad de $800.00 en concepto de honorarios de abogado.
Habiendo presentado la parte apelada su alegato, estamos en condiciones de resolver.
Los hechos pertinentes para adjudicar los méritos del recurso no están en controversia.
El día 6 de octubre de 1993, la Sra. Beatriz Calo Castro, en calidad de arrendadora y el Sr. Roberto Ortiz Dávila, como arrendatario, suscribieron un contrato de arrendamiento sobre dos (2) locales comerciales pertenecientes a la primera, por el término de cinco (5) años, renovable por un (1) año adicional, comenzando el día 15 de octubre de 1993 y por un canon mensual de $600.00 al mes. El arrendatario le entregó a la arrendadora y por adelantado, $1,200.00 de fianza y $600.00 correspondiente a un mes adelantado.
El contrato entre las partes incluía, además, la siguiente cláusula penal:

"8 DAÑOS LIQUIDOS

En caso de arrendamiento o abandono de la propiedad alquilada o incumplimiento de cualquier condición pactada, se estipulan los daños en la suma de $2,400.00 a menos que en el primer caso se de un aviso escrito por adelantado de noventa (90) días del desalojo."

Disponía también en la cláusula décima que en el caso que se determinara responsabilidad en su contra, el Sr. Ortiz vendría obligado a pagar $800.00 por concepto de honorarios de abogado.
Posteriormente, el día 8 de octubre de 1993, los contratantes suscribieron una enmienda a la cláusula correspondiente al término del contrato y al pago de los cánones. Acordaron que el contrato sería por el término de cinco (5) años y que la renta mensual sería escalonada: $600.00 los primeros dos (2) años, $700.00 el tercer (3) año y $800.00 los últimos dos (2) años.
Así las cosas, a principios del año 1996, el Sr. Ortiz el notificó a la Sra. Calo que entregaría los locales arrendados; lo que hizo finalmente en el mes de marzo de 1996, fecha en la cual la Sra. Calo recibió el último pago de los cánones pactados. Ante esta acción, la Sra. Calo instó demanda en cobro de dinero contra él, su esposa y la sociedad legal de gananciales compuesta por ambos, exigiendo el pago de la suma de $22,000.00 por concepto de los cánones de arrendamiento correspondientes a los meses que restaban hasta la fecha del vencimiento del contrato de arrendamiento pactado.
El Sr. Ortiz presentó su contestación a la demanda. Aseveró, en síntesis, que la Sra. Calo había acordado recibir el local y dejar sin efecto el contrato y que, en caso de tener derecho a reclamar algún tipo de compensación, la Sra. Calo tenía que limitarse a la penalidad acordada en el contrato de arrendamiento y no a la totalidad de los cánones dejados de percibir. Posteriormente presentó una *841 moción de sentencia sumaria alegando que como no existía controversia de hechos, solamente restaba que se determinara si procedía el pago de la penalidad dispuesta en el contrato.
La Sra. Calo se opuso mediante moción en la que alegó que el contrato claramente establecía la obligación de cumplir con la totalidad de los cánones de arrendamiento.
Las partes presentaron posteriormente tanto una duplica como una réplica a la duplica.
Sometida la cuestión, el tribunal apelado determinó que la cláusula número ocho (8) previamente citada era una "cláusula penal" que estipulaba los daños líquidos en caso de incumplimiento del contrato, pero que ésta no liberaba al apelante de cumplir con los cánones pactados. Razonó que la arrendadora tenía derecho de optar por exigir el cumplimiento de la obligación y no la satisfacción de la pena pactada, basándose en su interpretación del Artículo 1107 del Código Civil, 31 L.P.R.A. see. 3132, y que el contrato era uno claro y específico con un término de duración de cinco (5) años sin cláusula que permitiera al arrendatario "rescindirlo". Como consecuencia de ello, dictó sentencia sumaria condenando al Sr. Ortiz, a su esposa y a la sociedad legal de gananciales compuesta por éstos a pagarle a la Sra. Cario la cantidad de $24,000.00 en concepto de principal, intereses al 9.25% anual, contados a partir del día 5 de septiembre de 1996, y la cantidad de $800.00 en concepto de honorarios de abogados.
Inconforme, Ortiz instó el recurso de apelación que nos ocupa.
Plantea que el tribunal incurrió en error: (1) al determinar que la cláusula número ocho (8) del contrato es una cláusula penal y no una "cláusula rescisoria"; (2) al determinar que la referida cláusula no contiene un relevo a favor del arrendatario para el caso de que éste entregara los locales antes de vencer el término; (3) al aplicar el artículo 1107 en lugar del artículo 1446 del Código Civil; (4) al imponer al demandado el pago de $24,100.00, más intereses y honorarios de abogado cuando el contrato carecía de "cláusula de aceleración"; (5) al conceder el pago total a la Sra. Calo aun cuando ésta retiene el local y (6) al dictar sentencia sumaria aun cuando existía una controversia de hechos respecto a si la Sra. Calo recibió el local, lo que suponía una rescisión voluntaria del contrato.
Debemos atender los errores en un orden distinto al establecido por los apelantes. En primer término, debemos considerar el sexto error. El Sr. Ortiz señala que no existía una controversia de hechos respecto a si la Sra. Calo había recibido o no el local, lo que supondría una "rescisión" voluntaria del contrato. No le asiste la razón.
El hecho de que hubiera existido una controversia en cuanto a si la arrendataria obtuvo la posesión o no de la propiedad no es una controversia sustancial sobre un hecho pertinente que impidiera que se adjudicara la controversia en cuanto si al tenor de lo pactado en la cláusula número ocho (8) del contrato, los apelantes eran o no responsables del pago de la penalidad allí dispuesta, dado el hecho indiscutible de que los apelantes no finalizaron el término total del arrendamiento pactado.
Limitada la controversia del caso a la interpretación de una de las cláusulas contractuales, el tribunal de instancia podía disponer de ella mediante sentencia sumaria, al tenor de lo dispuesto en la Regla 36.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. Este es el recurso procesal idóneo para que, en situaciones apropiadas, se aligere la tramitación de un caso, cuando de los documentos que se acompañan a la solicitud surge que no existe disputa de algún hecho esencial material, sino que lo que resta es aplicar el derecho. Nassar Rizek v. Salvador Hernández, 123 D.P.R. 511 (1989); Corp. of Presiding Bishop v. Purcell, 117 D.P.R. 744 (1986). Si los hechos no están en controversia y el pleito sólo presenta una cuestión de derecho, procede disponer del asunto mediante sentencia. McCrillis v. Autoridad de las Navieras, 123 D.P.R. 113 (1989); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987).
Los restantes cinco errores señalados por el Sr. Ortiz cuestionan esencialmente la interpretación que el tribunal de instancia realizó de la cláusula número ocho (8) del contrato. Nuestro análisis del asunto nos lleva a concluir que el tribunal de instancia erró al interpretar la cláusula de referencia como lo hizo. Veamos.
*842 Es norma conocida en nuestro ordenamiento jurídico que cuando los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. Artículo 1233 del Código Civil, 31 L.P.R.A. see. 3471. Se entiende que un término es claro cuando por sí mismo es bastante lúcido para ser atendido en un único sentido, sin dar lugar a dudas, controversias sin diversidad de interpretaciones y sin necesitar para su compresión, razonamientos o demostraciones susceptibles de impugnación. Sucn. Ramírez v. Tribunal Superior, 81 D.P.R. 367 (1969). Cuando los términos de un contrato son claros se deben interpretar los mismos conforme a la voluntad expresada por las partes al momento del perfeccionamiento del mismo. Acevedo v. Sucn. Caballero, 9 D.P.R. 424 (1906).
Por otro lado, los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarias a la ley, la moral y el orden público. Artículo 1207 del Código Civil, 31 L.P.R.A. see. 3372. De conformidad con ello, los contratantes pueden pactar la inclusión de cláusulas en el contrato que le confieran la facultad a una sola de las partes de poner fin a la relación contractual sin exigir para ello otro requisito que la mera voluntad de la parte de así hacerlo. Flores v. Municipio de Caguas, 114 D.P.R. 521, (1983).
En el caso ante nos y en la cláusula número ocho (8), las partes acordaron que en caso de arrepentimiento, abandono de la propiedad o incumplimiento de cualquier condición pactada, los daños se estipulaban en $2,400.00 a menos que en el primer caso se diera un aviso por escrito por adelantado de noventa (90) días antes del desalojo, lo que no es de aplicación al caso que nos ocupa.
Esta cláusula es clara y su literalidad obliga a respetarla. Se trata de una cláusula penal que nuestro ordenamiento jurídico permite. Caballero v. Kogan, 73 D.P.R. 666 (1952).
De acuerdo con nuestro Código Civil, en las obligaciones con cláusula penal, la pena constituye la indemnización de daños y el abono de intereses en caso de falta de cumplimiento, salvo pacto en contrario. Artículo 1106 del Código Civil, 31 L.P.R.A. see. 3131. Levitt & Sons of P.R. Inc. v. D.A.C.O., 105 D.P.R. 184, 192 (1976). Aunque su fin es la liquidación anticipada de los daños, tiene una función punitiva que introduce un elemento de coerción y amenaza, apremiando al deudor a su cumplimiento. Jack's Beach Resort, Inc. v. Cía. Turismo, 112 D.P.R. 344 (1982).
La existencia de una cláusula penal no depende tampoco de la calificación que le den las partes contratantes, sino de la función que el pacto entre los contratantes entrañe. Jack's Beach Resort, Inc. v. Cía. Turismo, supra, citando a J.M. Lobato, La Cláusula Penal en el Derecho Español, Pamplona, 1974, pág. 140. Una cláusula puede ser penal aunque las partes no lo clasifiquen como tal y, a contrario sensu, puede que no sea una cláusula penal aquella que no penaliza aunque las partes la denominen como tal. Id.
Ahora bien, es norma reiterada que las disposiciones de nuestro ordenamiento jurídico prohíben al acreedor exigir conjuntamente el cumplimiento de la obligación y la satisfacción de la pena, excepto cuando se le haya otorgado dicho poder. Artículo 1107 del Código Civil, 31 L.P.R.A., sec. 3132; Rochester Capital Leasing Corp. v. Williams Int. Ltd., 103 D.P.R. 163, 169 (1974).
Ello así, resulta evidente que la cláusula número ocho (8) del contrato es clara al establecer que en el caso de arrepentimiento, abandono o incumplimiento de cualquier condición pactada, los daños se estipulaban en $2,400.00. Aun cuando la cláusula fuera denominada "daños líquidos" la misma es una fundamentalmente penal en el caso de incumplimiento, abandono o arrepentimiento por parte del arrendador. El nombre no hace la cosa. Por tanto, si el arrendatario optó por entregar la propiedad arrendada antes de los cinco (5) años estipulados, las partes acordaron que la Sra. Calo recibiría exclusivamente la suma de $2,400.00 por los daños que le produjere el incumplimiento. Esa fue la pena pactada en caso de incumplimiento.
En ningún lugar del contrato se estableció expresamente que el arrendatario debería, además, satisfacer los cánones restantes. Las partes enmendaron las cláusulas relativas al pago de los cánones de arrendamiento. Amplia oportunidad tuvo el arrendador para establecer contractualmente que el arrendatario quedaba obligado a pagar la totalidad del contrato en caso de incumplimiento. No lo hizo.
*843 Por otro lado, los términos del contrato permitían que el arrendador pudiera resolver unilateralmente el contrato y ello es permitido. Flores v. Municipio de Caguas, supra. Por los fundamentos antes expuestos, se dicta sentencia modificando la sentencia sumaria emitida por el tribunal a quo, para condenar a la parte apelante al pago de la suma de $2,400.00, más los intereses legales prevalecientes a partir de la fecha en que surgió la causa de acción, marzo de 1996, las costas y $800.00 en honorarios de abogados.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General